**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4342**

_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

LEROY PARHAM,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, District Judge. (2:07-cr-00121-RBS-JEB-1)

_____

Submitted: September 29, 2009     Decided: October 28, 2009

_____

Before NIEMEYER, GREGORY, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Cristin Traylor, MCGUIRE WOODS LLP, Richmond, Virginia, for Appellant. D. Monique Broadnax, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leroy Parham pleaded guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a) (2006). Parham was sentenced to ninety-six months of imprisonment and now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising three issues but stating that there are no meritorious issues for appeal. Parham filed a pro se supplemental brief raising an additional issue.[*] We affirm.

In the Anders brief, counsel questions whether the district court erred in accepting Parham's guilty plea as knowing and voluntary. Because Parham did not move in the district court to withdraw his guilty plea, any error in the Fed. R. Crim. P. 11 hearing is reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Furthermore, there is a strong presumption that a defendant's guilty plea is binding and voluntary if he has received an adequate Fed. R. Crim. P. 11 hearing. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995); see Blackledge v. Allison, 431 U.S. 63, 74 (1977) (finding that statements made during a plea hearing "carry a strong presumption of verity"). Our

---

[*] We have considered the claim raised in Parham's pro se brief and conclude the claim lacks merit.

review of the record discloses that the district court fully complied with Rule 11. We conclude, therefore, that the district court did not err in accepting Parham's guilty plea as knowing and voluntary.

Counsel next questions whether Parham's trial counsel was ineffective. To prove a claim of ineffective assistance of counsel, a defendant must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, "the defendant must show that counsel's performance fell below an objective standard of reasonableness." Id. at 688. In addition, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Under the second prong of the test in the context of a conviction following a guilty plea, a defendant can show prejudice only by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

This court may address a claim of ineffective assistance on direct appeal only if the lawyer's ineffectiveness conclusively appears on the record. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). We have thoroughly reviewed the record and conclude that Parham has

3

failed to demonstrate that ineffective assistance conclusively appears on the record and, therefore, we decline to address this claim on direct appeal.

Finally, counsel questions whether the district court erred in sentencing Parham. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 597 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009), petition for cert. filed (U.S. July 24, 2009) (No. 09-5584). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the [g]uidelines range, treating the [g]uidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." Gall, 128 S. Ct. at 597. This court then "'consider[s] the substantive reasonableness of the sentence imposed.'" United States v. Evans, 526 F.3d 155, 161 (4th Cir.) (quoting Gall, 128 S. Ct. at 597), cert. denied, 129 S. Ct. 476 (2008). "Substantive reasonableness review entails taking into account the 'totality of the circumstances, including the extent of any variance from the [g]uidelines range.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 128 S. Ct. at 597). If the sentence is

4

within the guidelines range, we apply a presumption of reasonableness. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within-guidelines sentence).

We have thoroughly reviewed the record and find that the sentence is both procedurally and substantively reasonable. The district court properly calculated the advisory guidelines range, considered the 18 U.S.C. § 3553(a) factors, and provided a comprehensive explanation of its chosen sentence. See United States v. Carter, 564 F.3d 325, 328-30 (4th Cir. 2009). In addition, Parham has failed to rebut the presumption of substantive reasonableness we accord to his within-guidelines sentence.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. We therefore affirm the judgment and deny counsel's motion to withdraw. This court requires that counsel inform Parham, in writing, of the right to petition the Supreme Court of the United States for further review. If Parham requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Parham. We

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>